UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Not for Publication**

JOHN VORPAHL,

    *Plaintiff*,

v.

THE KULLMAN LAW FIRM,

    *Defendant*.

Civil Action No. 17-1693

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court upon Defendant The Kullman Law Firm's ("Defendant") motion to dismiss the Complaint for failure to make effective and timely service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). D.E. 4. Plaintiff John Vorpahl ("Plaintiff") filed a brief in opposition to the motion, D.E. 7, to which Defendant replied. D.E. 8.[1] The Court reviewed the submissions in support and in opposition, and considered the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendant's motion is **DENIED**.

**I.    BACKGROUND**

On March 13, 2017, Plaintiff filed his Complaint against Defendant, alleging violations of the Fair Credit Reporting Act, the New Jersey Identity Theft Prevention Act, and negligence. D.E.

---

[1] Defendant's brief in support of its motion to dismiss the Amended Complaint (D.E. 4) will be referred to hereinafter as "Def. Brf." Plaintiff's opposition (D.E. 7) to Defendant's motion to dismiss will be referred to "Pl. Opp." Defendant's reply brief (D.E. 8) will be referred to as "Def. Rep."

1. A summons was issued on March 14, 2017. D.E. 2. On June 23, 2017, the Court moved, on its own accord, to dismiss the Complaint pursuant to Rule 4(m). D.E. 3. One week later, on June 30, 2017, Plaintiff served Defendant. Def. Brf. at 1. The parties do not dispute that service was late and that the delay was less than two weeks. Def. Brf. at 2; Pl. Opp. at 1.

On July 20, 2017, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) for failure to serve process within the time set by Federal Rule of Civil Procedure 4(m). Plaintiff opposed the motion, D.E. 7, and Defendant replied. D.E. 8.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(m) governs the requirements for service of process. Rule 4(m), in relevant part, provides:

> **Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4. Pursuant to Rule 12(b)(5), a party may move to dismiss a Complaint for insufficient service of process. *Sweet v. TMI Mgmt. Sys.*, 2006 WL 3675709, at *1 (D.N.J. Dec. 12, 2006). The moving party bears the burden of proof on the issue of improper service. *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993).

## III. LAW AND ANALYSIS

At the outset, the Court notes that since the parties agree that service was untimely, the only issue is whether the Court will excuse the improper service and grant Plaintiff an extension of time to effectuate proper service. Before dismissing a complaint for untimely service, "a District Court must first determine whether good cause exists for failure to serve." *Felicetty-Stamm v. Sec'y Dep't of Homeland Sec.*, 558 F. App'x 189, 191 (3d Cir. 2014) (citing *Petrucelli v. Bohringer*

2

*& Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995)). If the District Court finds good cause for the delay, it must extend time for service. If it does not find good cause, the District Court has discretion to nevertheless extend time for service or dismiss the complaint. *Id.*

Showing good cause "requires a demonstration of good faith on the part of the party seeking enlargement and some reasonable basis for noncompliance within the time specified by the rule." *Veal v. United States*, 84 F. App'x 253, 256 (3d Cir. 2004) (citation omitted). Generally, three factors are considered when determining whether good cause exists: "(1) reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995) (citing *United States v. Nuttall*, 122 F.R.D. 163, 166-67 (D. Del. 1988)); *Kelly v. Connor*, 2008 WL 4534065, at *1 (D.N.J. Oct. 3, 2008). However, while prejudice is a factor, its absence is not sufficient to constitute good cause. *MCI Telecommunications Corp.*, 71F.3d at 1097. Instead, the "primary focus is on the plaintiff's reasons for not complying with the time limit in the first place." *Id.*

Here, factors weigh in favor and against the Court finding good cause for Plaintiff's untimely service. Weighing against is the fact that Plaintiff did not attempt to serve Defendant until after the Court, *sua sponte*, moved to dismiss the Complaint pursuant to Rule 4(m). D.E. 3. Thus, Plaintiff did not attempt timely service. Plaintiff also never moved for an extension of time for service. Plaintiff counsel explains that she never attempted service or sought an extension because she simply failed to calendar the dates correctly. Pl. Opp. at 2.

However, weighing in favor of finding good cause is the fact that Defendant does not allege that the short delay in service caused it to suffer any prejudice. Plaintiff, further, claims that Defendant was aware, within the time for proper service, of the Complaint because a reporter from

3

the New Jersey Law Journal contacted Defendant for a comment on the case. Pl. Opp. at 1. Defendant, however, argues that this supposed notice took the form of an attorney with The Kullman Firm not responding to an email or voicemail left from the reporter; Defendant concludes that, as a result, it did not have actual notice of the suit. Def. Rep. at 7.

Overall, the Court finds the factors present in this case insufficient to justify finding that good cause existed for untimely service. As noted, when determining good cause, a plaintiff's explanation is the critical consideration. Here, Plaintiff did not attempt to make timely service upon Defendant nor did he move for an extension. The improper service appears solely a result of counsel's calendar error. Defendant, for its part, did not evade service. While Defendant appears to have suffered no prejudice, that factor alone is insufficient to find good cause.

Therefore, the remaining question is whether the Court will exercise its discretion to allow an extension of time for proper service. Several factors weigh in favor of the Court doing so. First, the delay beyond Rule 4(m)'s 90-day allowance was slight—less than two weeks. Second, Plaintiff appears blameless for his counsel's error in improperly calendaring when service had to be effectuated. *See Szemple v. Univ. of Med. & Dentistry of New Jersey*, 162 F. Supp. 3d 423, 429 (D.N.J. 2016) ("If plaintiff's counsel erred . . . their inadvertence should not be visited on the client."). Third, while not dispositive, the Court notes that if it dismisses the Complaint, Plaintiff will not be able to refile because the statute of limitations will have run.[2] Fourth, Defendant and

---

[2] The Third Circuit has been clear that a court should not consider statute of limitations as a factor for extending time for proper service until at the discretion stage of analysis. In *Petrucelli v. Bohringer & Ratzinger*, the Third Circuit stated:

> We hold that a district court may not consider the fact that the statute of limitations has run until after it has conducted an examination of good cause. If the district court determines that good cause does not exist, only then may it consider whether the running of the statute of limitations would warrant granting an extension of time. We

4

has not shown prejudice due to the slight delay, and Defendant was on at least constructive notice of the suit within the appropriate service period. Thus, the Court will exercise its discretion and deny Defendant's motion to dismiss.

Thus, for the reasons set forth above and for good cause shown,

IT IS on the 8th day of February, 2018,

**ORDERED** that Defendant's motion to dismiss (D.E. 4) is **DENIED**; and it is further

**ORDERED** that the Plaintiff is to effect proper service on Defendant within thirty (30) days of the entry of this Order.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.

---

> emphasize that the running of the statute of limitations does not require the district court to extend time for service of process. Rather, absent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of limitations has run and the refiling of an action is barred.

46 F.3d 1298, 1306 (3d Cir. 1995).